STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 45-5-15 Vtec

---

| Purvis Nonconforming Use |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Other (45-4-15 Vtec)

Title:            Motion to Reconsider, Alter or Amend (Motion 9)

Filer:            Luke Purvis

Attorney:         Hans G. Huessy

Filed Date:       October 3, 2018

Response in Opposition filed on 10/19/2018 by Joseph Cleary, Interested Person

Response in Opposition filed on 10/22/2018 by Attorney Kimberlee J. Sturtevant for Interested Person City of Burlington

**The motion is DENIED.**

The present matter began in 2015 with Luke Purvis' appeal of a decision by the City of Burlington Development Review Board ("DRB") concerning a parking area behind his residence located at 164 North Willard Street in the City of Burlington ("City"). Neighboring property owners Joseph and Teresa Cleary entered the matter as Interested Persons to oppose Mr. Purvis' appealed application. In the motion presently before the Court, Mr. Purvis asks that we reconsider our September 25, 2018 decision denying his motions for relief from a settlement agreement ("Settlement Agreement") between the parties and from this Court's stipulated order ("Stipulated Order"), which incorporated the Settlement Agreement.

To place this motion into context, and because the chronology of events is important to our decision, we reiterate this matter's relevant procedural history.

Mr. Purvis appealed the DRB's 2015 decision to this Court on May 1, 2015. After the parties' pre-trial motions did not resolve the matter, Mr. Purvis, the City, and the Clearys entered into the Settlement Agreement, which anticipated further mediation, on August 23, 2016. The Court incorporated the Settlement Agreement into the Stipulated Order on September 26, 2016. To accommodate the mediation arrangement set out in the Settlement Agreement, the Stipulated Order gave the parties until August 1, 2017 ("August deadline") to file either a motion to re-open the matter before the Court or a motion to extend the period for filing such a motion. None of the parties filed any motions before the August deadline.

Instead, Mr. Purvis filed a motion for relief from the Stipulated Order pursuant to V.R.C.P. 60(b) on March 9, 2018, and another motion for relief from the Settlement Agreement on April 20, 2018. In a September 25, 2018 Entry Order—the decision Mr. Purvis asks us to revisit here—this Court denied both motions. This Court found his claims under Rule 60(b)(1) and (2) untimely because motions for relief from a court order pursuant to subsections (1), (2), and (3) of Rule 60(b) must be filed within one year after the order was entered or taken. We reasoned that because this Court entered the Stipulated Order on September 26, 2016, Mr. Purvis could not file a Rule 60(b)(1), (2), or (3) motion after September 2017. Mr. Purvis timely filed the present motion to reconsider.

The Court treats motions to reconsider as motions to alter or amend a judgment pursuant to V.R.C.P. Rule 59(e). In re Rinkers, Inc., No. 302-12-08 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Oct. 20, 2010) (Wright, J.) (citation omitted). Rule 59(e) endows this Court with broad power to alter or amend a prior decision. In re SP Land Co., LLC, 2011 VT 104, ¶ 16, 190 Vt. 418 (citation omitted). However, granting a motion to reconsider is an "extraordinary remedy." In re Bennington Wal-Mart Demolition/Constr. Permit, No. 158-10-11, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 17, 2012) (Walsh, J.).

This Court grants Rule 59(e) motions for four reasons: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow the moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 2810.1 (2d ed. 1995)), *aff'd in part, rev'd in part on other grounds*, 2015 VT 49, 199 Vt. 19.

Mr. Purvis asserts that this Court should reconsider our denial of his motions for relief because we were mistaken in finding his Rule 60(b)(1) and (2) motions untimely. He argues that even though this Court entered the Stipulated Order on September 26, 2016, the one-year clock for filing a Rule 60(b)(1) or (2) motion did not start running until the August deadline expired, when the 2015 DRB decision became enforceable.

We decline to revise our determination that Mr. Purvis' motions for relief were untimely. His motions for relief targeted the August deadline, which was a term established first in the parties' Settlement Agreement and then incorporated into the Court's on September 26, 2016 Stipulated Order.[1] These features of the Stipulated Order were not conditional; they were settled terms from the day this Court entered the Order on September 26, 2016. Therefore, we regard Mr. Purvis's motion as being untimely filed because it was filed nearly 18 months after the order he requests that we reconsider.

---

[1] For instance, Mr. Purvis' motion for relief from the Stipulated Order states: "In this case, what is actually being sought is relief from a court order, not final judgment, as the Court did not ever issue a final judgment after the passing of the deadline. For all practical purposes, the Order functioned as a final judgment . . . ." Appellant's Mot. for Relief from Stipulated Order, March 9, 2018, p. 5. While we do not entirely agree with this characterization of the Stipulated Order, we offer this language to show that Mr. Purvis directed his motion for relief at the terms of the Stipulated Order and not at the August deadline that expired one year later.

Rule 60(b) provides that any motion for relief "shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."  V.R.C.P. 60(b).  While the Stipulated Order conditioned the enforceability of the 2015 DRB decision on the August deadline, the Stipulated Order itself became effective when entered on September 26, 2016, along with the August deadline it established and the Settlement Agreement it incorporated.  Rule 60(b) does not say that the one-year duration begins when the conditions contained in an order come to fruition.  Instead, by the plain language of Rule 60(b), the one-year time period began when this Court *entered* the Stipulated Order.

Mr. Purvis goes on to argue that because the Stipulated Order allowed the parties to file a motion to re-open the matter, or to extend the time to do so, by the August deadline, he could not have moved for relief from the Stipulated Order or the Settlement Agreement until after the August deadline passed.  We do not follow this logic.  Mr. Purvis could have filed a 60(b) motion addressing the August deadline at any point after we entered the Stipulated Order.  The same goes for the terms of the Settlement Agreement.  The fact that we also afforded Mr. Purvis the option of re-opening the matter, or extending the time for doing so, by the August deadline—in effect providing him with another, more-guaranteed path to relief—does not mean Mr. Purvis was precluded from availing himself of Rule 60(b) if he disagreed with the terms of the Settlement Agreement or the August deadline.

Based on the foregoing, we decline to amend our September 25, 2018 Entry order and conclude that Mr. Purvis' motion to reconsider must be **DENIED**.


**So Ordered.**


Electronically signed on January 15, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Kimberlee J. Sturtevant (ERN 4778), Attorney for Interested Person City of Burlington
Interested Persons Joseph and Teresa Cleary
Hans G. Huessy (ERN 1813), Attorney for Appellant Luke Purvis
Christina A. Jensen (ERN 1291), Attorney for Hector Leclair (FYI purposes only)